## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(1) ALAN T. KARNES, a/k/a "Max,"
[DOB: 04/14/1985];

(2) CHARLES E. CONNER
[DOB: 12/28/1973];

(3) JAMES L.   MAY, a/k/a "Yoshi,"
[DOB: 09/24/1983];

and

(4) JUSTIN W. ADAMS,
[DOB: 09/22/1981];

        Defendants.

Case No. **CR 20-30-UNA**

**COUNT ONE: (All Defendants)**
Conspiracy to Distribute Controlled Substance
21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and 846
NLT 10 Years; NMT Life Imprisonment
NMT Life Imprisonment
NMT $10,000,000 Fine
NLT 5 Years Supervised Release
Class A Felony

**COUNT TWO: (KARNES & CONNER)**
Conspiracy to Commit Money Laundering
18 U.S.C. §1956(h)
NMT 20 Years Imprisonment
NMT $500,000 Fine or Twice the Value of the
Property Involved
NMT 5 Years Supervised Release
Class B Felony

**COUNT THREE: (KARNES & CONNER)**
Conspiracy to Use a Communication Facility
to Commit a Drug Felony
21 U.S.C. §§ 843(b) and (d) and 846
NMT 4 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class D Felony

**COUNTS FOUR and TEN: (KARNES Both
Counts) and (ADAMS Count Ten Only)**
Using a Communication Facility to Commit a
Drug Felony
21 U.S.C. §§ 843(b) and (d) and 18 U.S.C. § 2
NMT 4 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class D Felony

**COUNT FIVE, SIX, and SEVEN:
(KARNES)**
21 U.S.C. §§ 841(a)(1) and (b)(1)(A)
Distribution of a Controlled Substance
NLT 10 Years
NMT Life Imprisonment
NMT $10,000,000 Fine
NLT 5 Years Supervised Release
Class A Felony

FILED

APR 2 0 2020

U.S. DISTRICT COURT DISTRICT OF DELAWARE

)
) **COUNT EIGHT:** (KARNES)
) Money Laundering
) 18 U.S.C. §§ 1957 and 2
) NMT 10 Years Imprisonment
) NMT $250,000 Fine or Twice the Value of the
) Property Involved
) NMT 3 Years Supervised Release
) Class C Felony
)
) **COUNT NINE:** (KARNES)
) Money Laundering
) 18 U.S.C. §1956
) NMT 20 Years Imprisonment
) NMT $500,000 Fine or Twice the Value of the
) Property Involved
) NMT 5 Years Supervised Release
) Class B Felony
)
) **COUNT ELEVEN:** (ADAMS)
) Travel and Transportation in Aid of
) Racketeering Enterprises
) 18 U.S.C. §§ 1952(a)(1) and 2
) NMT 5 Years Imprisonment
) NMT $250,000 Fine
) NMT 3 Years Supervised Release
) Class D Felony
)
) **FORFEITURE ALLEGATIONS**
) Criminal Forfeiture
) 21 U.S.C. § 853 **(All Defendants)**
) 18 U.S.C. § 982 **(KARNES & CONNER)**
)
) $100 Mandatory Special Assessment
) (Each Count)
)

# I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From at least in or about January 2009, the exact date being unknown to the Grand Jury,

to at least in or about December 2012, in the Western District of Missouri, and elsewhere, the

defendants, **ALAN T. KARNES**, a/k/a "Max," **CHARLES E. CONNER, JAMES L. MAY,**

a/k/a "Yoshi," and **JUSTIN W. ADAMS**, did knowingly and intentionally combine, conspire,

2

confederate, and agree with each other and with other persons, both known and unknown to the

Grand Jury, to distribute and possess with intent to distribute 10 grams or more of a mixture or

substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule II

controlled substance, and some amount of marijuana, contrary to the provisions of Title 21, United

States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

### COUNT TWO

From at least in or about January 2009, the exact date being unknown to the Grand Jury,

and continuing through at least in or about December 2012, in the Western District of Missouri,

and elsewhere, the defendant, **ALAN T. KARNES,** a/k/a "Max," and **CHARLES E. CONNER,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and

with others, both known and unknown to the Grand Jury, to commit offenses under Title 18,

United States Code, Sections 1956 and 1957, as follows:

### (1956(a)(1))

(1)     did conduct and attempt to conduct financial transactions, affecting interstate or

foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is,

conspiracy to distribute controlled substances, in violation of Title 21, United States Code,

Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions

represented the proceeds of some form of unlawful activity –

(A)     with the intent to promote the carrying on of the specified unlawful

activity, contrary to the provisions of Title 18, United States Code, Section

1956(a)(1)(A)(i); and

(B)     knowing that the transactions are designed in whole or in part –

(i)    to conceal and disguise the nature, the location, the source, the

3

ownership and control of the proceeds of specified unlawful activity, contrary to the provisions of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(ii) and to avoid a transaction reporting requirement under State or Federal law, contrary to the provisions of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

**(1957)**

(2)      did, within the United States, knowingly engage, attempt to engage, and cause others to engage, in monetary transactions, in or affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of Title 18, United States Code, Sections 841(a)(1) and 846, contrary to the provisions of Title 18, United States Code, Section 1957(a).

### Overt Acts

In furtherance of this conspiracy and to effect the objects of it, one or more of the conspirators committed, among others, the following overt acts:

1. During the time frame of the conspiracy, defendant **ALAN T. KARNES**, a/k/a "Max," obtained lysergic acid diethylamide (LSD) and marijuana for the purpose of redistributing those controlled substances to co-defendant **JAMES L. MAY** and others.

2.      On or about November 9, 2009, defendant **ALAN T. KARNES**, a/k/a "Max," caused a United States Express Mail parcel that contained $9,100 in United States currency to be mailed from the Wornall Postal Station in Kansas City, Missouri to an address in San Francisco, California.

3.      On or about November 4, 2010, **ALAN T. KARNES**, a/k/a "Max," purchased a postal Money Order, number 18397226665, in the amount of $1,000, from the Wornall Postal Station in Kansas City, Missouri.

4

4.      On or about November 10, 2010, **ALAN T. KARNES**, a/k/a "Max," purchased a postal Money Order, number 18001799818, in the amount of $500, from the Blue Valley Postal Station in Overland Park, Kansas.

5.      Counts Eight and Nine of this indictment are further incorporated by reference herein as overt acts committed in furtherance of this conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT THREE**

From at least in or about January 5, 2009, the exact date being unknown to the Grand Jury, to at least on or about January 2010, in the Western District of Missouri, and elsewhere, the defendants, **ALAN T. KARNES, a/k/a "Max," and CHARLES E. CONNER**, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to use a communication facility, that is, the United States mail, in committing, and in causing and facilitating the commission of acts constituting a felony under Title 21, United States Code, Section 846, that is, conspiracy to possess with intent to distribute, and to distribute, 10 grams or more of LSD and a quantity of marijuana, contrary to the provisions of Title 21, United States Code, Sections 843(b) and (d), and 846.

**COUNT FOUR**

On or about November 9, 2009, in the Western District of Missouri, the defendant, **ALAN T. KARNES**, a/k/a "Max," aiding and abetting others, did knowingly and intentionally use a communication facility, that is, the United States mail, in committing, and in causing and facilitating the commission of acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, conspiracy to possess with intent to distribute, and to distribute, 10 grams or more of LSD and a quantity of marijuana, contrary to the provisions of Title 21,

5

United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT FIVE

Between on or about September 15, 2010 and on or about October 1, 2010, in the Western District of Missouri, the defendant, **ALAN T. KARNES**, a/k/a "Max," did knowingly and intentionally distribute 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIX

On or about October 25, 2010, in the Western District of Missouri, the defendant, **ALAN T. KARNES**, a/k/a "Max," did knowingly and intentionally distribute 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SEVEN

On or about December 8, 2010, in the Western District of Missouri, the defendant, **ALAN T. KARNES**, a/k/a "Max," did knowingly and intentionally distribute 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT EIGHT

On or about November 29, 2010, in the Western District of Missouri, and elsewhere, the defendant, **(1) ALAN T. KARNES**, a/k/a "Max," aided and abetted by others, did knowingly and intentionally engage, attempted to engage, and caused others to engage, in a monetary

6

transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the use of a cashier's check, numbered 033011454, in the amount of $14,094.19 purchased from First National Bank, a financial institution, which is engaged in interstate commerce, such funds having been derived from a specified unlawful activity, that is, the unlawful distribution of controlled substances, contrary to the provisions of Title 18, United States Code, Sections 1957 and 2.

### COUNT NINE

On or about November 29, 2010, in the Western District of Missouri, and elsewhere, the defendant, **(1) ALAN T. KARNES**, a/k/a "Max," aided and abetted by others, did knowingly conduct a financial transaction affecting interstate or foreign commerce, as defined in Title 18, United States Code, Section 1956(c)(4), that is, used a cashier's check, numbered 033011454, in the amount of $14,094.19 to purchase real property located at 9900 E. 43rd Street, Kansas City, Missouri, which involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances, knowing that the transaction was designed in whole or in part to conceal or disguise, the nature, location, source, ownership or control of the proceeds of the specified unlawful activity and that while conducting such financial transaction knew the funds involved represented the proceeds of some form of unlawful activity, contrary to the provisions of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT TEN

On or about March 23, 2011, in the Western District of Missouri, the defendant, **ALAN T. KARNES**, a/k/a "Max," and **JUSTIN W. ADAMS**, aiding and abetting each other and others, did knowingly and intentionally use a communication facility, that is, a telephone, in committing, and in causing and facilitating the commission of acts constituting a felony under Title 21, United

7

States Code, Sections 841(a) and 846, that is, conspiracy to possess with intent to distribute, and to distribute, a quantity of marijuana, contrary to the provisions of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT ELEVEN**

On or about July 12, 2011, in the Western District of Missouri, and elsewhere, the defendant, **(3) JUSTIN W. ADAMS**, did knowingly and intentionally travel in interstate commerce with the intent to distribute drug proceeds, and with the intent to distribute drug proceeds, and with the intent to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of the unlawful activity of drug trafficking, by traveling in interstate commerce between various places in the United States, including the Western District of Missouri and Utah, and by thereafter attempting to distribute the proceeds of the unlawful activity, by traveling in interstate commerce between various places in the United States, including the Western District of Missouri and Utah, and by thereafter performing and attempting to perform acts to distribute drug proceeds, contrary to the provisions of Title 18, United States Code, Sections 1952(a)(1) and (a)(3), and 2.

**FORFEITURE ALLEGATIONS**

**A.   Forfeiture Pursuant to Title 21, United States Code, Section 853**

1.   The allegations contained in Counts One, and Three through Seven of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

2.   Upon conviction of one or more of the controlled substance offenses alleged in Counts One, and Three through Seven of this Indictment, the defendants, **ALAN T. KARNES**, a/k/a "Max," **CHARLES E. CONNER, JAMES L. MAY**, a/k/a "Yoshi," and **JUSTIN W.**

8

**ADAMS**, shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds obtained, directly and indirectly, as a result of the violations incorporated by reference in this Allegation and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violations alleged in Counts One, and Three through Seven of this Indictment, including, but not limited to the following:

    a.    the real property located at 9900 East 43rd Street, Kansas City, Missouri;

    b.    a 1999 Ford F350 truck, bearing Vehicle Identification Number (VIN) 1FTWW33F5XEE90149.

    c.    $19,300 in United States currency seized from JUSTIN W. ADAMS on July 12, 2011; and

    d.    all currency and monetary instruments which were received during, involved in or used or intended to be used to facilitate the crimes alleged in Counts One, and Three through Seven of this indictment, which amount is at least $500,000 in proceeds, as a money judgment, for which the defendants are jointly and severally liable;

in that the property was involved in the aforestated offenses or is traceable to such property, in violation of Title 21, United States Code, Section 841(a)(1).

### SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants **ALAN T. KARNES**, a/k/a "Max," **CHARLES E. CONNER, JAMES L. MAY**, a/k/a "Yoshi," and **JUSTIN W. ADAMS**:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

9

      e.      has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), up to the value of the above-described forfeitable

property.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the

Federal Rules of Criminal Procedure.

**B.**    **Forfeiture Pursuant to Title 18, United States Code, Section 982(a)(1)**

1.    The allegations contained in Counts Two, Eight and Nine of this Indictment are

hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to

Title 18, United States Code, Section 982(a)(1).

2.    Upon conviction of one or both of the offenses alleged in Counts Two, Eight and

Nine of this Indictment, the defendants, **ALAN T. KARNES**, a/k/a "Max," and **CHARLES E.**

**CONNER** shall forfeit to the United States of America all property, real or personal, involved in

the offenses, and all property traceable to such property.   The property to be forfeited includes,

but is not limited to, the following:

**Money Judgment and Other Property Traceable to the Offenses**

    a.    Approximately $100,000 in United States currency, and any interest and proceeds traceable thereto, representing all property, real or personal, involved in the offenses, and all property traceable to such property by the defendants, (1) ALAN T. KARNES, a/k/a "Max," and (2) CHARLE E. CONNER, in that such sum in aggregate, constitutes or is derived from, all property, real or personal, involved in the offenses, and all property traceable to such property in Counts Two, Eight and Nine;

    b.    All property constituting the subject matter of the money laundering offenses for which the defendants have been convicted;

    c.    All property used to commit or to facilitate the commission of the money laundering offenses for which the defendants have been convicted; and

10

d.      the real property located at 9900 East 43rd Street, Kansas City, Missouri.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty.

It is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), as incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

Date:   12/12/12                                        /s/ TJ Nigro
                                                    FOREPERSON OF THE GRAND JURY

 /s/ Rudolph R. Rhodes, IV
Rudolph R. Rhodes, IV
Assistant United States Attorney

11